EXHIBIT "A"

STATE OF WYOMING                                    IN DISTRICT COURT
COUNTY OF SWEETWATER                         THIRD JUDICIAL DISTRICT

---

MARTY JONES,                          :
                                      :
            Plaintiff,                :      **COMPLAINT**
                                      :
      vs.                             :      Civil No. 21-121-G
                                      :
JASON KUTNYAK, WERNER                 :
ENTERPRISES, INC., DOES I-X,          :
                                      :
            Defendant                 :

FILED
DISTRICT COURT
THIRD JUDICIAL DISTRICT
SWEETWATER COUNTY WY

MAR 31 2021

DONNA LEE BO⸻
CLERK OF COURT
BY⸻⸻⸻⸻
DEPUTY CLERK

---

[¶1]     COMES NOW Plaintiff, MARTY JONES, by and through his counsel of record, the Lowe Law Group, for his causes of action and claims for relief against the Defendants, JASON KUTNYAK and WERNER ENERPRISES, INC. Upon information and belief, Plaintiff alleges and avers as follows:

## I.     PARTIES, JURISDICTION AND VENUE

[¶2]     At the time of the incident alleged herein, Plaintiff Marty Jones (hereinafter "Mr. Jones") was a resident of Warren County, Tennessee.

[¶3]     Upon information and belief, Defendant Kutnyak is a resident of Carbon County, Utah.

[¶4]     Upon information and belief, Defendant Werner Enterprises, Inc. (hereinafter "Werner Enterprises") is a Nebraska corporation doing business in Sweetwater County, Wyoming.

[¶5]     The causes of action pleaded herein occurred in Sweetwater County, Wyoming, therefore Venue is proper.

1

[¶6]   This Court has jurisdiction over the above-named parties and over the subject matter over this action.

## II.   FACTS

[¶7]   On December 23, 2017, Mr. Jones was driving his vehicle eastbound in the left lane on Interstate 80 in Sweetwater County, Wyoming.

[¶8]   At or around the same time, Jason Kutnyak, while in the course and scope of his employment with Werner Enterprises, was driving a semi-truck eastbound in the right lane on Interstate 80.

[¶9]   As the Jones vehicle continued straight on eastbound I-80 and was approaching the rear of the Werner Enterprises truck, without any advanced warning or notice, Defendant Kutnyak attempted to merge into the left lane causing a high-speed collision between the two vehicles.

[¶10]   As a result of Defendants' negligence, Plaintiff sustained significant bodily injuries requiring her to undergo medical treatment and procedures.

## III.   COUNT ONE- NEGLIGENCE OF JASON KUTNYAK

[¶11]   Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶12]   Defendant Kutnyak owed a duty of reasonable care in driving the Werner Enterprises semi-truck in a safe, reasonable, and prudent manner.

[¶13]   The negligent and careless acts of Defendant Kutnyak in failing to yield the right of way was a direct and proximate cause of the collision between the Werner Enterprises semi-truck and the Jones vehicle.

[¶14]   As a direct and proximate result of Defendant Kutnyak's negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, weakness, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶15]   As a direct and proximate result of Defendant Kutnyak's negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, anxiety, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶16]   As a direct and proximate result of Defendant Kutnyak's negligence, Plaintiff has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶17]   As a direct and proximate result of Defendant Kutnyak's negligence, Plaintiff has suffered severe emotional and mental distress.

[¶18]   As a direct and proximate result of Defendant Kutnyak's negligence, Plaintiff has suffered general damages in an amount to be proven at trial.

[¶19]   As a direct and proximate result of Defendant Kutnyak's negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

## IV.   COUNT TWO- VICARIOUS LIABILITY AND/OR RESPONDEAT SUPERIOR

[¶20]   Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶21]   At all relevant times, upon information and belief, Defendant Kutnyak was acting within the course and scope of his employment with Werner Enterprises.

[¶22]   Defendant Werner Enterprises is vicariously liable for Defendant Kutnyak's negligence.

## V.   COUNT THREE- NEGLIGENT HIRING/TRAINING/SUPERVISION

[¶23]  Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶24]  Defendant Werner Enterprises' actions constituted a breach of multiple duties of care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining Defendant Kutnyak

[¶25]  Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

[¶26]  As a direct and proximate result of Defendant Werner Enterprises' negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, weakness, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶27]  As a direct and proximate result of Defendant Werner Enterprises' negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, anxiety, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶28]  As a direct and proximate result of Defendant Werner Enterprises' negligence, Plaintiff has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶29]  As a direct and proximate result of Defendant Werner Enterprises' negligence, Plaintiff has suffered severe emotional and mental distress.

[¶30]  As a direct and proximate result of Defendant Werner Enterprises' negligence, Plaintiff has suffered general damages in an amount to be proven at trial.

[¶31]  As a direct and proximate result of Defendant Werner Enterprises' negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

VI.    <u>COUNT FOUR- NEGLIGENCE OF WERNER ENTERPRISES</u>

[¶32]   Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶33] Defendant Werner Enterprises had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

[¶34] Defendant Werner Enterprises endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

[¶35] Defendant Werner Enterprises' work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

[¶36] As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious bodily injuries, which have caused him great pain, discomfort, anxiety, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶37]   As a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶38]   As a direct and proximate result of Defendant's negligence, Plaintiff has suffered severe emotional and mental distress.

[¶39]   As a direct and proximate result of Defendant's negligence, Plaintiff has suffered general damages in an amount to be proven at trial.

[¶40]   As a direct and proximate result of Defendant's negligence, Plaintiff has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

VII.   **PRAYER FOR RELIEF/DAMAGES**

[¶41]   Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as

if fully set forth herein.

[¶42]  As a direct and proximate result of Defendants' negligent acts and/or omissions as described above, Plaintiff sustained severe and permanent bodily injuries, and other damages to be proven at trial, entitling Plaintiff to a monetary award against the Defendants for the following elements of damage, to include without limitation:

     a.   Past and future medical expenses;

     b.   Past and future loss of income and earning capacity;

     c.   Past and future pecuniary loss;

     d.   Past and future pain and suffering;

     e.   Past and future enjoyment of life;

     f.   Past and future disability;

     g.   Disfigurement;

     h.   Past and future loss of household services;

     i.   Past and future emotional distress;

     j.   Past and future fear of disability;

     k.   Pre-judgment interest;

     l.   Attorney's fees; and

     m. Costs of litigation.

## VIII.  JURY DEMAND

[¶43]  **WHEREFORE**, Plaintiffs request a judgment against the Defendants in an amount to be proven at jury trial; and for such other and further relief as the Court deems just and fair.

**SIGNED and DATED** this 26th day of March, 2021

LOWE LAW GROUP

Eric Hinckley (Wyo. Bar No. 7-5997)
T. Aaron Stringer (Wyo. Bar No. 7-6463)
6028 S. Ridgeline Drive
Suite 200
Ogden, UT 84405
Phone: 801-917-8500
Eric_h@lowelawgroup.com
aaron@lowelawgroup.com
Attorneys for Plaintiff